Filed 3/25/24  P. v. Avila-Guzman CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANGEL AVILA-GUZMAN,<br><br>    Defendant and Appellant. | F086307<br><br>(Super. Ct. No. 18CR-03529B)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Merced County.  Carol K. Ash, Judge.

Kyle Gee, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Amanda D. Cary, and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P. J., Meehan, J. and Snauffer, J.

This appeal concerns only custody credits and fines following a resentencing hearing after a prior appeal. Angel Avila-Guzman stands principally convicted of lying-in-wait special circumstance murder and was sentenced to serve life without parole.

On appeal, Avila-Guzman contends the abstract of judgment improperly reflects custody credits, a $5,000 parole revocation fine is impermissible, and other fines and fees are not supported by an ability to pay. The People concede both the credits and the parole revocation fine are in error, but dispute the remaining fines and fees. We accept the concessions but grant no relief from the other fines and fees.

## BACKGROUND[1]

At the original sentencing hearing, Avila-Guzman was awarded 784 actual days of custody credit. He was "also ordered to pay an $80 court security fee[ and] a $60 criminal conviction fee …."[2] When the issue of ability to pay arose, because Avila-Guzman alleged an inability to pay and work due to his classification in prison, the court reduced its "normal[]" $10,000 restitution fine to $5,000. The court noted it would "reserve jurisdiction over the issue so [it could] revisit it to show that [Avila-Guzman] doesn't have financial ability" to pay.

In the prior appeal, we directed the trial court to "conduct further proceedings," i.e., whether to retry a vacated gang-related crime enhancement and then resentence Avila-Guzman. We specifically noted the "complaints as to certain [] fines and fees imposed as part of the judgment [were] moot." (*People v. Avila-Guzman* (Aug. 23, 2022, F081473) [nonpub. opn.].)

At the resentencing hearing now on appeal, the court awarded Avila-Guzman the same 784 actual days of custody credits. As for fines and fees, Avila-Guzman's counsel

---

[1] The facts underlying the crime are irrelevant to this appeal and we omit them from our summary.

[2] See Penal Code section 1465.8 and Government Code section 70373.

"submit[ted] on the record" relative to "ability to pay …." The court noted the previous sentence was pronounced by a different judge, and it "appear[ed]" *that* judge "considered the argument and did reduce the fine" from $10,000 to $5,000. Accordingly, the court "le[ft] it as previously ordered," including the $80 and $60 fees. The new abstract of judgment also reflected a $5,000 parole revocation fine that was not otherwise ordered.

## DISCUSSION

Avila-Guzman challenges the custody credits awarded at his resentencing hearing and the imposed fines and fees. His challenges to the credits and parole revocation fine are well taken; the challenge to the remaining fines and fees is not.

## I. Trial Court Must Recalculate Actual Custody Credits At Resentencing Hearing

The trial court in this case awarded the same actual custody credits at both sentencing hearings. This was error.

" '[W]hen a prison term already in progress is modified as the result of an appellate sentence remand, the sentencing court must recalculate and credit against the modified sentence *all actual time* the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody.' " (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29.) The court must also calculate conduct credits for the period before the original sentencing hearing. (*Id.* at p. 30.) The agency to which the defendant is committed—in this case the Department of Corrections and Rehabilitation—calculates and applies conduct credit for time following the original sentencing hearing." (*People v. Sek* (2022) 74 Cal.App.5th 657, 673.)

The court in this case failed to recalculate actual custody credits. We will direct it to do so in the disposition.

## II. $5,000 Parole Revocation Fine Is Unauthorized

The $5,000 parole revocation fine was imposed pursuant to Penal Code section 1202.45, subdivision (a), which provides for a fine identical to an imposed restitution fine *if the "sentence includes a period of parole …."* (Emphasis added.) Because the

sentence in this case does not include parole, the fine is unauthorized. We will order it stricken in the disposition.

## III. Fines and Fees and Ability to Pay

Avila-Guzman argues the $80 and $60 fees must be stricken and the $5,000 restitution fine must be stayed because he has no ability to pay. We disagree.

"[U]pon proper objection, the court must hold a hearing at which [the] defendant will have an opportunity to bear his burden of proof on the issue of ability to pay." (*People v. Cowan* (2020) 47 Cal.App.5th 32, 49-50, review granted June 17, 2020, S261952.) In assessing ability to pay, a trial court may appropriately consider future income. (*Id.* at p. 48.) Future income includes wages earned in prison. (*People v. Kopp* (2019) 38 Cal.App.5th 47, 96, review granted Nov. 13, 2019, S257844.)

Although the trial court did not explicitly grapple with ability to pay,[3] it was Avila-Guzman's burden to prove an inability to pay. Because future income includes prison wages, it was incumbent upon him to demonstrate ineligibility to work. The record is devoid of any proof, aside from his bare statement, he was ineligible to earn wages in prison. Neither in the trial court nor on appeal does Avila-Guzman cite to any regulation or documentation establishing an ineligibility to work in prison. We find he has failed to discharge his burden to prove a present and future inability to pay.

### DISPOSITION

The request for judicial notice filed on January 11, 2024, is denied.

The Penal Code section 1202.45 fine is stricken. The trial court is directed to recalculate actual custody credits and forward an amended abstract of judgment reflecting these changes to the appropriate authority. The judgment is otherwise affirmed.

---

[3] Indeed, it appears the trial court simply imposed the identical fines and fees imposed by the prior judge.

4.